UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
October 01, 2020
David J. Bradley, Clerk

Carl Clark, §
§
     Plaintiff, §
§
versus §    Civil Action H-19-4681
§
Harris County Metropolitan §
Transit Authority, §
§
     Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

    Carl Clark sued Harris County Metropolitan Transit Authority for age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-631. METRO has moved for summary judgment saying he was not constructively discharged, no adverse employment action occurred, Clark did not engage in a protected activity, and that his position was not filled.

    Because Clark cannot show that METRO discriminated or retaliated against him, he will lose.

2. *Background.*

    Clark was a police man for METRO from 1989 until 2018, rising to the rank of Captain in 2012.

    In September 2014, METRO promoted Vera Bumpers from Captain to Assistant Chief. The next month Bumpers was promoted to Chief with the Assistant Chief job being eliminated.

    In June 2017, Clark claims that Bumpers said she would reinstate the Assistant Chief position in the near future. Yet, no job was posted nor

applications accepted. Clark also asserts that Bumpers said she desired a younger candidate than Clark.

In September 2017, Clark sent a memorandum to Bumpers saying that he was "more" qualified than anyone else for Assistant Chief.

In 2018, Clark received his mid-year performance review which rated his work as successful with criticisms. Then, in August 2018, Clark retired at the age of 59. In December 2018, METRO restructured and created two Assistant Chief positions. The two remaining captains – Felix Vara and Darrin Lewis – were placed into those jobs, and the captain position was eliminated.

3. *Retaliation.*

To establish a retaliation claim, Clark must show that (a) he engaged in a protected activity, (b) an adverse employment action occurred, and (c) a causal link exists between them.[1]

Clark sent a memorandum to Bumpers saying that he was entitled to the Assistant Chief position because he was the "more" qualified candidate. He failed to allege his age as the reason for his displeasure over Bumpers' previous statements. This vague complaint is insufficient to constitute a protected activity without a specific allegation of discrimination based on age.

Clark's mid-year performance review is also not an adverse employment action. The review rated his work as successful and exceeding requirements. It included constructive criticism but that does not make the review adverse. Clark also claims he was eliminated from the command structure yet offers no facts to support it.

Because Clark cannot show he engaged in a protected activity or an adverse employment action was imposed because of it, his retaliation claim fails.

---

[1] *Heggemeier v. Caldwell County, Texas*, 826 F.3d 861, 869 (5th Cir. 2016).

4. *Age Discrimination.*

Clark was fifty-nine. He says his younger, less qualified colleague was promoted over him.

To succeed on an age discrimination claim, Clark must show that (a) he is a member of a protected class, (b) he was qualified for his position, (c) he suffered an adverse employment action, and (d) others in his position were favored because of their age.[2] Because he voluntarily retired, Clark must show he was constructively discharged by showing his employment conditions to be so intolerable that a reasonable employee would be compelled to resign.

While Clark is a member of a protected class, he has not shown he was constructively discharged or replaced by someone outside his protected class.

Clark claims he was replaced by a younger colleague, Lewis, and that Bumpers intended, before Clark resigned, to promote Lewis because he was younger. He supports this claim with deposition testimony from Vara that Bumpers was grooming Lewis to be the next Chief but nothing about the role of age.

In fact, Clark was not replaced by METRO. His captaincy remained unfilled after his retirement until it was eliminated by the restructuring. The restructuring created the new Assistant Chief positions after Clark retired. The people who filled those positions were 53 and 61. Both were solidly within the same protected class as Clark with Lewis 13 years into the class and Vara 21 years. The age discrepancy of six years between Clark and Lewis is insufficient to support the discrimination claim. Clark offers no evidence to show that either of them were not qualified for the position other than vague assertions that he was "more" qualified.

Clark alleges that he was criticized in his mid-year performance review. A positive performance review with constructive criticism is insufficient to support a claim of constructive discharge. Employers give constructive criticism to make their employees better because they desire their continued employment

---

[2] *E.g., Lee v. Kansas City S. Ry. Co.*, 574 F. 3d 253, 259 (5th Cir. 2009).

rather than removing them.

Clark also insists that he was eliminated from the command structure because of a hostile work environment. He has no facts supporting this. Clark was not demoted, his pay was not reduced, he was not reassigned, and he was not harassed. Clark remained a high-level employee with his existing responsibilities.

Because Clark cannot show that he was discriminated against by METRO favoring someone not in the protected class nor materially younger, his discrimination claim fails.

5. *Conclusion.*

Because he cannot show that he was discriminated or retaliated against, Carl Clark will take nothing from Harris County Metropolitan Transit Authority.

Signed on October 1, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge